JUSTICE WHEAT,
dissenting.
¶46 I dissent from the majority’s decision to reverse the District Court’s class certification in this case. The foundation of all class action suits is consumer protection and judicial economy. For this reason we have provided the district courts with broad discretion in certifying classes and managing the litigation related thereto. As we stated in Roose, certification orders “ ‘are not frozen once made’; instead, the District Court maintains discretion to alter the class definition as the case proceeds.” Roose, ¶ 14 (internal citation omitted).
¶47 Here the District Court exercised its broad discretion by certifying a class of Montana consumers who are alleged victims of USAA’s acknowledged and long-standing practice of outsourcing claims handling to be conducted by a computer algorithm which is programmed to evaluate medical payment claims. The District Court invoked its discretion to certify the class based on the facts and arguments presented to it by the parties. The District Court’s order certifying the class demonstrates its clear grasp of the parameters of the case and the obvious need for the court to manage and control the course of litigation. Therefore, I would affirm the District Court.
¶48 Because the matter is being remanded for further discovery, the District Court will be able to employ its broad discretion in managing the course and scope of discovery. And, because the discovery will be focused on USAA’s claims handling practices and Byroth and McKean’s efforts to re-establish class certification, I would encourage the court to schedule a discovery conference as provided by M. R. Civ. P. 16 and 26 so the parties will fully understand the court’s procedural expectations.
CHIEF JUSTICE McGRATH joins the Dissent of JUSTICE WHEAT.